# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CEDAR RAPIDS DIVISION

| | |
|---|---|
| THOMAS HARRY FINLEY, | |
| Movant, | No. C14-0047-LRR |
| | No. CR11-0111-LRR |
| vs. | |
| UNITED STATES OF AMERICA. | ORDER |

This matter appears before the court on Thomas Harry Finley's motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 (civil docket no. 1). On April 9, 2014, Thomas Harry Finley ("the movant") placed his 28 U.S.C. § 2255 motion in the prison's mailbox, and, on April 15, 2014, the clerk's office filed the movant's 28 U.S.C. § 2255 motion.[1] On May 20, 2014, the court, among other things, directed the parties to brief the claims that the movant included in his motion pursuant to 28 U.S.C. § 2255 (civil docket no. 2). On June 6, 2014, counsel filed an affidavit (civil docket no. 3). On July 21, 2014, the government filed a resistance (civil docket no. 5). On September 12, 2014, the movant filed a reply (civil docket no. 9). The court now turns to consider the movant's motion pursuant to 28 U.S.C. § 2255.

A district court is given discretion in determining whether to hold an evidentiary hearing on a motion under 28 U.S.C. § 2255. *See United States v. Oldham*, 787 F.2d 454, 457 (8th Cir. 1986). In exercising that discretion, the district court must determine

---

[1] The motion pursuant to 28 U.S.C. § 2255 raises several claims that are all related to the Supreme Court's decision in *Burrage v. United States*, ___ U.S. ___, 134 S. Ct. 881 (2014).

whether the alleged facts, if true, entitle the movant to relief. *See Payne v. United States*, 78 F.3d 343, 347 (8th Cir. 1996). "Accordingly, [a district court may summarily dismiss a motion brought under 28 U.S.C. § 2255 without an evidentiary hearing] if (1) the . . . allegations, accepted as true, would not entitle the [movant] to relief, or (2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact." *Engelen v. United States*, 68 F.3d 238, 240-41 (8th Cir. 1995) (citations omitted); *see also Delgado v. United States*, 162 F.3d 981, 983 (8th Cir. 1998) (stating that an evidentiary hearing is unnecessary where allegations, even if true, do not warrant relief or allegations cannot be accepted as true because they are contradicted by the record or lack factual evidence and rely on conclusive statements); *United States v. Hester*, 489 F.2d 48, 50 (8th Cir. 1973) (stating that no evidentiary hearing is necessary where the files and records of the case demonstrate that relief is unavailable or where the motion is based on a question of law). Stated differently, a 28 U.S.C. § 2255 motion can be dismissed without a hearing where "the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255; *see also Standing Bear v. United States*, 68 F.3d 271, 272 (8th Cir. 1995) (per curiam).

The court concludes that it is able to resolve the movant's claims from the record. *See Rogers v. United States*, 1 F.3d 697, 699 (8th Cir. 1993) (holding "[a]ll of the information that the court needed to make its decision with regard to [the movant's] claims was included in the record . . . ." and, therefore, the court "was not required to hold an evidentiary hearing") (citing Rule Governing Section 2255 Proceedings 8(a) and *United States v. Raddatz*, 447 U.S. 667, 674 (1980)). The evidence of record conclusively demonstrates that the movant is not entitled to the relief sought. Specifically, it indicates that the movant's claims are without merit, especially considering that counsel represented the movant in a manner that exceeded constitutional requirements. As such, the court finds that there is no need for an evidentiary hearing.

With respect to the merits of the movant's claims, the court deems it appropriate to deny the movant's motion under 28 U.S.C. § 2255 for the reasons stated in the government's resistance. The government's brief adequately sets forth the law that is applicable to the facts in the movant's case. Specifically, the government correctly concluded that: (1) the movant waived all post-conviction claims except those based on the ineffective assistance of counsel or an unconstitutional sentence; and (2) counsel provided professional and effective assistance to the movant and the movant suffered no prejudice as a result of counsel's actions.[2]

Moreover, the court thoroughly reviewed the record and finds that the denial of the movant's motion under 28 U.S.C. § 2255 comports with the Constitution, results in no "miscarriage of justice" and is consistent with the "rudimentary demands of fair procedure." *Hill v. United States*, 368 U.S. 424, 428 (1962); *see also United States v. Apfel*, 97 F.3d 1074, 1076 (8th Cir. 1996) ("Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised for the first time on direct appeal and, if uncorrected, would result in a complete miscarriage of justice." (citing *Poor Thunder v. United States*, 810 F.2d 817, 821 (8th Cir. 1987))). Relief is not available to the movant because *Burrage* has no impact on the movant's case and all of the movant's claims are contradicted by the record and/or are inherently incredible.[3]

---

[2] The court notes that, contrary to the government's position, the movant's claims appear to be timely. The Eighth Circuit Court of Appeals entered judgment on January 11, 2013. Ninety days from that date is April 11, 2013. One year from April 11, 2013 is April 11, 2014. The movant signed his motion under 28 U.S.C. § 2255 on April 9, 2014 and it was processed through the Federal Bureau of Prisons' mailing procedures on the same date. And, the movant's letter bears a postmark of April 10, 2014, which is also prior to April 11, 2014.

[3] The movant misstates the record and misunderstands that *Burrage* only bears on the enhanced penalty provision of 21 U.S.C. § 841, that is, "if death . . . results from the
(continued…)

The movant knowingly and voluntarily pleaded guilty pursuant to a plea agreement (criminal docket no. 63). *See Walker v. United States*, 115 F.3d 603, 604 (8th Cir. 1997) ("[A] valid guilty plea forecloses an attack on conviction unless 'on the face of the record the court had no power to enter the conviction or impose the sentence.'"); *United States v. Jennings*, 12 F.3d 836, 839 (8th Cir. 1994) (a voluntary and unconditional guilty plea waives all defects except those related to jurisdiction); *see also United States v. Seay*, 620 F.3d 919, 921-23 (8th Cir. 2010) (making clear that a challenge based on a court's statutory or constitutional power to adjudicate a case survives a defendant's guilty plea). The parties' plea agreement addressed, among other things, the fact that: (1) the movant would waive indictment and plead guilty to an information that charged the movant with conspiring to distribute 100 grams or more of heroin in violation of 21 U.S.C. § 841(a)(1) and 21 U.S.C. § 841(b)(1)(B); (2) the movant faced a sentence of at least five years imprisonment and not more than forty years imprisonment; (3) the government would not recommend any decrease under USSG §5K1.1 or any other provision of the United States Sentencing Guidelines or under 18 U.S.C. § 3553(e) or any other provision of law because the movant had not agreed to cooperate; (4) the movant and others reached an agreement or came to an understanding to distribute 100 grams or more of a mixture or substance containing a detectable amount of heroin; (5) the movant provided heroin to an individual and such individual died as a result of using the heroin; (6) the individual's death was a reasonably foreseeable consequence of the conspiracy to distribute heroin; (7) the movant agreed to be sentenced on facts to be found by the sentencing judge; (8) the facts that the movant stipulated to could be used against him at any time in any proceeding should he

---

[3](…continued)
use of [the distributed substance, such person] shall be sentenced to a term of imprisonment of not less than twenty years or more than life." It does not limit the court's ability to apply USSG §5K2.1 or consider the factors under 18 U.S.C. § 3553(a). And, the movant's sentence of 262 months imprisonment falls within the statutory minimum sentence, that is, five years, and the statutory maximum sentence, that is, forty years.

4

violate or refuse to abide by the terms that were agreed to by the parties; (9) the movant agreed that a six-level upward departure pursuant to USSG §5K2.1 applied because death resulted from the individual's use of the heroin that the movant distributed to the individual; (10) the movant agreed that the government could seek an additional upward departure based on the death of any other person that resulted from the use of heroin that the movant distributed; and (11) the movant waived certain appeal rights and post-conviction rights.

Further, the record reflects that the movant fully understood what he was doing when he appeared in court. At the change of plea hearing, the movant reliably admitted his guilt and competently agreed to an appeal waiver. The movant acknowledged that: (1) he was pleading guilty to an information rather than an indictment; (2) he had a chance to discuss the charge with counsel; (3) he understood the rights that he was giving up by entering a plea of guilty; (4) he understood all of the elements of the charge; (5) he possessed with the intent to distribute 100 grams or more of heroin; (6) he understood all of the information in the plea agreement and did not have any questions about it; (7) he agreed to plead guilty in exchange for the charge in the indictment being dismissed by the government; (8) he understood that he would be sent to prison for at least five years and up to forty years; (9) he probably would face a guideline sentencing range between 87 to 108 months imprisonment, but the death of another individual could be an additional issue at the time of sentencing; (10) he could not be sentenced below the statutory mandatory minimum sentence, which is five years; (11) he would not be able to withdraw his guilty plea after it was accepted; (12) he agreed that no one forced or pressured him to plead guilty or made any promises to get him to plead guilty; (13) he did not have any questions about anything that was discussed; and (14) he would be waiving his right to appeal. After the change of plea hearing, the movant did not object, and, consequently, the court accepted his guilty plea.

Similarly, during the sentencing hearing, the movant reiterated that he was guilty of conspiring to distribute 100 grams or more of heroin and that he understood the minimum and maximum penalty for committing such offense. The movant also stated that he had sufficient time to review the pre-sentence investigation report, which relied on USSG §5G1.1(c)(2) and determined his advisory sentencing guideline range prior to departures to be from 60 to 63 months, and to address his concerns with counsel. Further, after counsel requested that the court impose a sentence at the bottom of the applicable advisory guideline range, the movant apologized for his actions.

Given the record, it is undeniable that the movant knew the sentence that he faced and voluntarily pleaded guilty. And, the court's application of the advisory sentencing guidelines, consideration of the parties' arguments and application of the factors under 18 U.S.C. § 3553(a) violated no constitutional right. *See United States v. Villareal-Amarillas*, 562 F.3d 892, 898 (8th Cir. 2009) (observing that a sentencing judge is only constrained by the statutory maximum and minimum for an offense and the factors included in 18 U.S.C. § 3553(a)). Nothing restricted the court's discretion during the sentencing hearing, and the sentence that the movant received is appropriate and consistent with the parties' plea agreement.

Additionally, it is apparent that the conduct of counsel fell within a wide range of reasonable professional assistance, *Strickland v. Washington*, 466 U.S. 668, 689 (1984), and counsel's performance did not prejudice the movant's defense, *id*. at 692-94. Considering all the circumstances and refraining from engaging in hindsight or second-guessing counsel's strategic decisions, the court finds that the record belies the movant's claims and no violation of the movant's constitutional right to counsel occurred. Contrary to the movant's assertions, counsel need not pursue frivolous arguments, positions or objections at the trial level, including those that are contrary to established law. *See United States v. Cronic*, 466 U.S. 648, 657 (1984) (stating that counsel is not required to attempt a useless charade).

There is no basis to conclude that counsel provided deficient representation to the movant or that counsel's representation prejudiced the movant's defense. It is clear that: (1) the movant does not dispute that he conspired to distribute heroin; (2) counsel reviewed the discovery file, including the medical records of the deceased individuals, and determined that there was a basis for the movant to plead guilty to conspiring to distribute heroin; (3) counsel correctly explained to the movant the ramifications of being convicted of count 1 of the indictment, that is, a sentence of twenty years to life pursuant to 21 U.S.C. § 841(b)(1)(C); (4) counsel appropriately understood the law in 2011, that is, pre-*Burrage*, and explained that the government merely needed to show that the heroin that the movant distributed to an individual contributed to the death of such individual, *see United States v. Burrage*, 687 F3d 1015, 1021 (8th Cir. 2012) (citing *United States v. Monnier*, 412 F.3d 859, 862 (8th Cir. 2005)); (5) the movant understood that the death of an individual and possibly the death of another individual could impact his total adjusted offense level, and, ultimately, the sentence that he received; (6) the movant pleaded guilty to conspiring to distribute 100 grams or more of heroin, not to conspiring to distribute a detectable amount of heroin resulting in death, and, consequently, he faced at least five years imprisonment and not more than forty years imprisonment; (7) the movant acknowledged that he was satisfied with counsel's representation; (8) the court never referred to a statutory mandatory minimum sentence of twenty years imprisonment, considered appropriate sentencing factors, including the movant's allocution, and sentenced the movant to a term of imprisonment that is consistent with the terms of the parties' plea agreement; and (9) the movant benefitted by entering into the plea agreement and pleading guilty because he avoided the twenty-year mandatory minimum associated with conspiring to distribute a detectable amount of heroin resulting in death, he did not face an additional charge for the death of another individual and he reduced his offense level by three levels pursuant to USSG §3E1.1. Consequently, the movant had the guiding hand of counsel at every step in the proceedings. Moreover, it is clear that any failure on the part of counsel

to anticipate a change in the law does not constitute ineffective assistance of counsel. *See Ragland v. United States*, 756 F.3d 597, 601 (8th Cir. 2014).

In sum, the alleged errors that are asserted by the movant do not warrant relief under 28 U.S.C. § 2255. The movant's claims are baseless and devoid of merit. None of the movant's assertions in support of his request for relief lead the court to conclude that a violation of the Constitution occurred. Based on the foregoing, the movant's 28 U.S.C. § 2255 motion shall be denied.

In a 28 U.S.C. § 2255 proceeding before a district judge, the final order is subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held. *See* 28 U.S.C. § 2253(a). Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. *See* 28 U.S.C. § 2253(c)(1)(A). A district court possesses the authority to issue certificates of appealability under 28 U.S.C. § 2253(c) and Fed. R. App. P. 22(b). *See Tiedeman v. Benson*, 122 F.3d 518, 522 (8th Cir. 1997). Under 28 U.S.C. § 2253(c)(2), a certificate of appealability may issue only if a movant has made a substantial showing of the denial of a constitutional right. *See Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003); *Garrett v. United States*, 211 F.3d 1075, 1076-77 (8th Cir. 2000); *Carter v. Hopkins*, 151 F.3d 872, 873-74 (8th Cir. 1998); *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997); *Tiedeman*, 122 F.3d at 523. To make such a showing, the issues must be debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings. *Cox*, 133 F.3d at 569 (citing *Flieger v. Delo*, 16 F.3d 878, 882-83 (8th Cir. 1994)); *see also Miller-El*, 537 U.S. at 335-36 (reiterating standard).

Courts reject constitutional claims either on the merits or on procedural grounds. "'[W]here a district court has rejected the constitutional claims on the merits, the showing required to satisfy [28 U.S.C.] § 2253(c) is straightforward: the [movant] must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.'" *Miller-El*, 537 U.S. at 338 (quoting *Slack v.*

8

*McDaniel*, 529 U.S. 473, 484 (2000)). When a federal habeas petition is dismissed on procedural grounds without reaching the underlying constitutional claim, "the [movant must show], at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *See Slack*, 529 U.S. at 484.

Having thoroughly reviewed the record in this case, the court finds that the movant failed to make the requisite "substantial showing" with respect to the claims that he raised in his 28 U.S.C. § 2255 motion. *See* 28 U.S.C. § 2253(c)(2); Fed. R. App. P. 22(b). Because he does not present a question of substance for appellate review, there is no reason to grant a certificate of appealability. Accordingly, a certificate of appealability shall be denied. If he desires further review of his 28 U.S.C. § 2255 motion, the movant may request issuance of the certificate of appealability by a circuit judge of the Eighth Circuit Court of Appeals in accordance with *Tiedeman*, 122 F.3d at 520-22.

**IT IS THEREFORE ORDERED**:

1) The movant's 28 U.S.C. § 2255 motion (civil docket no. 1) is denied.

2) A certificate of appealability is denied.

3) Having determined that the movant's conviction and sentence are valid, the movant's motion for bond (civil docket no. 12) is denied.

**DATED** this 8th day of June, 2015.

LINDA R. READE
CHIEF JUDGE, U.S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA